THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
BB&T of South Carolina,
Appellant,
v.
Jose & Karen Matos, Respondents.
 
 
 

Appeal From Berkeley County
 R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-371
Submitted October 1, 2006  Filed October 31, 2006

REVERSED and REMANDED

 
 
 
John William Ray, of Greenville, for Appellant.
Jose C. and Karen A. Matos, of Goose Creek, pro se; for Respondents.
 
 
 

PER CURIAM:  On August 17, 2004, the circuit court granted a default judgment in favor of BB&T of South Carolina.  BB&T contends the circuit court erred when the court rescinded its order of August 17, 2004 and issued a subsequent order on September 28, 2004.  We reverse and remand.  
FACTS
In August 2001 and June 2002, Jose and Karen Matos entered into agreements with BB&T for a line of credit and credit cards.  Pursuant to the agreements, the Matoses contracted to pay the balance, plus interest, in a variable number of monthly installments comprised of a percentage of the balance.  The agreements also provide that in the event of default, BB&T has the right to declare the entire unpaid balance to be immediately due.  Furthermore, the agreements provide that if an attorney becomes involved, the Matoses shall pay all attorneys fees and costs.[1]  
In August 2003, the Matoses failed to make a payment as required, thereby breaching the agreements.  BB&T brought the current action on June 29, 2004, alleging the Matoses failed to make payments pursuant to the agreement and misrepresented their ability to make the payments pursuant to the agreement.  BB&T alleged in its Complaint the Matoses had a past due amount of $23,982.89, plus interest at the rate of 8.75 percent.  BB&T further alleged the Matoses had been made aware of their default status and had been given the opportunity to become current with their payments, but they failed to do so.  
On August 17, 2004, with receipt of no pleading, motion, or objection and with none appearing in the circuit courts file, BB&T filed an Affidavit of Default with further verification of debt and requested a default judgment.  On August 17, 2004, the circuit court issued a judgment for $29,771.39 against the Matoses.  The judgment confirms that there was no responsive pleading of record and provides that cancellation, satisfaction, or modification be entered only upon signature of the attorney of record or Order of this court following proper notice and hearing.  (emphasis in original).  On August 18, 2004, the Clerk of Court served notice of judgment upon both parties.  
Thirty-eight days later, on September 24, 2004, the circuit court issued a Form 4 order stating the August 17, 2004 judgment was rescinded.  The September 24, 2004 order states as follows:  

Judgment order entered on August 17, 2004 will be rescinded as it was prematurely signed.  The Plaintiffs Motion for Default Judgment will be set on a non-jury docket to be heard at an appropriate time.  Defendants Motion for Reconsideration is now moot.  

BB&T maintains the second order was issued either sua sponte or based on inappropriate ex parte contact.  On the day BB&T received the September 24, 2004 order, it notified the circuit court of its concern and requested that the prior judgment be reinstated.  The circuit court declined to reinstate the prior order, and this appeal followed.  
LAW/ANALYSIS
BB&T contends the circuit court erred in issuing the September 24, 2004 order.  We agree.  
In matters concerning a default judgment, Rule 55(a), SCRCP, states default may be entered when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise.  An entry of default may be set aside [f]or good cause shown, and if a judgment by default has been entered, [the court] may likewise set it aside in accordance with Rule 60(b).  See Rule 55(c), SCRCP.  Rule 60(b), SCRCP, states that relief from judgment or order may be given based on the following:  

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
 
 (1) mistake, inadvertence, surprise, or excusable neglect;
 
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

 (3) fraud, misrepresentation, or other misconduct of an adverse party;

 (4) the judgment is void;

 (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

In the present case, the circuit court did not follow any of these methods.  Instead, the circuit court rescinded the default order thirty-eight days after it was rendered and not pursuant to a motion for reconsideration, a motion the circuit court deemed moot.  See Heins v. Heins, 344 S.C. 146, 156, 543 S.E.2d 224, 229 (Ct. App. 2001); See also Rule 59(e), SCRCP (Motion to Alter or Amend a Judgment.  A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.); Rule 59(d), SCRCP (On Initiative of Court. Not later than 10 days after entry of judgment, the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party.  After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion.  In either case, the court shall specify in the order the grounds
therefor.).  
CONCLUSION
We hold the circuit court erred in issuing the September 28, 2004 order because the circuit court lacked jurisdiction.  Because we find the September 28, 2004 order is now void, the finding in that order that the motion to reconsider is moot has also been voided.  We remand for a ruling on that motion.  If the circuit court should find the motion was not properly served and filed or is unmeritorious, the default judgment is upheld.  
REVERSED AND REMANDED.[2] 
 
 GOOLSBY,  WILLIAMS, JJ., and CURETON, AJ., concur.

[1] The agreements are not provided in the record, and as a result, these facts are taken from the Complaint.  Because the Matoses failed to answer BB&Ts complaint, the allegations therein are deemed admitted and consequently relied upon by this Court.  (Rule 8(d), SCRCP. Effect of Failure to Deny.  Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.).  
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.